UNITED STATES of America,
Plaintiff,

v.

Carlos I. ARCE–LOPEZ [13], Annete
Cancel–Lorenzana [22],
Defendant.

Criminal No. 12–413 (FAB).

United States District Court,
D. Puerto Rico.

Oct. 22, 2013.

Maritza Gonzalez–Rivera, Myriam Y. Fernandez–Gonzalez, Olga B. Castellon–Miranda, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Anita Hill–Adames, Anita Hill Law Office, Fernando J. Carlo–Gorbea, Fernando J. Carlo Law Office, Rafael F. Castro–Lang, Castro & Castro Law Office, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are the United States's motion to bar testimony of a voice analysis expert pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and defendants Carlos Arce–Lopez and Annette Cancel Lorenzana's[1] response in opposition.[2] (Docket Nos. 905 & 915.) For the reasons explained below, the Court **GRANTS** the government's motion.

---

**1.** Cancel–Lorenzana joined Arce–Lopez's motion. (Docket Nos. 918 & 921.)

**2.** The defendants also request the Court to order the production of witness Jesus Maldonado–Calderon for voice analysis. (Docket No. 915 at p. 21.) Because the Court grants the government's motion to bar voice analysis testimony, defendants' request is **DENIED.**

## I. Background

In October of 2012, Carlos Arce–Lopez's defense attorney, Anita Hill, received a series of phone calls and voicemails from an individual identifying himself as Javier Olmo–Rivera, a cooperating witness for the government detained at the time in the Metropolitan Detention Center ("MDC"). The individual attempted to speak with Ms. Hill about Arce–Lopez's case. After a Drug Enforcement Administration ("DEA") investigation concluded that Olmo–Rivera did not make and could not have made any calls from MDC to Ms. Hill, Arce–Lopez contracted a voice identification expert to compare a voice exemplar of Olmo–Rivera with the audio recordings on Ms. Hill's phone. The expert, using biometric analysis, concluded that the exemplar voice matched the voice in the phone recordings. (Docket No. 594–1.) The government subsequently identified another federal inmate—Jesus Maldonado–Calderon—as the caller. Both Olmo–Rivera and Maldonado–Calderon are expected to testify at trial.

Arce–Lopez seeks to introduce expert testimony at trial connecting Olmo–Rivera to the phone calls. The government moves to bar this voice analysis testimony.

## II. Discussion

### A. Rule 702 and the *Daubert* Standard

■ Pursuant to Federal Rule of Evidence 702 ("Rule 702"),[3] a witness may

---

**3.** Rule 702 allows for expert testimony if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and

testify to scientific, technical, or other specialized knowledge if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147–49, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (holding that *Daubert* applies to technical and other specialized expert testimony as well as to scientific testimony). In determining the admissibility of expert testimony, a trial court "must perform a gatekeeping function and decide whether the proposed testimony, including the methodology employed by the witness in arriving at the proffered opinion, rests on a reliable foundation and is relevant to the facts of the case." *Cummings v. Standard Register Co.,* 265 F.3d 56, 64 (1st Cir.2001) (internal citations omitted). Whether an expert meets these criteria is a "case-specific inquiry and … a question that the law grants the trial judge broad latitude to determine." *Id.* (internal citation omitted).

■ The First Circuit Court of Appeals takes a common sense approach to determining whether an expert's testimony will assist the trier of fact. "Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value." *United States v. Montas,* 41 F.3d 775, 784 (1st Cir.1994). In *Daubert,* the Supreme Court outlined four nonexclusive, nondispositive factors to assist trial courts in determining whether an expert's methodology is scientifically valid and whether it can be reliably applied to the facts in issue. 509 U.S. at 593–94, 113 S.Ct. 2786. These include: 1) whether the technique can be or has been tested; 2) whether the technique has been subjected to peer review; 3)the known or potential error rate; and 4) a degree of acceptance within the relevant scientific community. *Id.* This inquiry is a "flexible one." *Id.* at 594, 113 S.Ct. 2786.

**B. Expert Voice Analysis Testimony Will Not Assist the Trier of Fact**

■ Arce–Lopez seeks to introduce expert testimony that identifies government witness Olmo–Rivera as the speaker in a series of phone calls to Ms. Hill. The Court finds that the jury is "perfectly well-equipped" to listen to the witnesses testify in court, compare their voices to the voice in the audio recordings, and draw conclusions about whose voice is in the audio recordings.[4] *See United States v. Salimonu,* 182 F.3d 63, 74 (1st Cir.1999) (affirming the district court's exclusion of expert linguist testimony on the ground that it would not "assist the trier of fact"). Accordingly, this is "not an area in which expert testimony would be helpful to the jury." *Id.* at 73; *see also Daubert,* 509 U.S. at 591, 113 S.Ct. 2786 (asserting that expert testimony must assist the jury in resolving a relevant factual dispute).

(d) the expert has reliably applied the principles and methods to the facts of the case. Fed.R.Evid. 702.

**4.** The Court anticipates that the proponent of the audio recordings will be able to provide sufficient authentication to support their admissibility at trial. Fed.R.Evid. 613(b) & 901. "If the court discerns enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be, then Rule 901(a) is satisfied and the weight to be given to the evidence is left to the jury." *United States v. Paulino,* 13 F.3d 20, 23 (1st Cir.1994). "Authentication of course merely renders the tapes admissible, leaving the issue of their ultimate reliability to the jury." *United States v. Tropeano,* 252 F.3d 653, 661 (2d Cir.2001). Arce–Lopez is free at trial to challenge the reliability of the recordings and the witnesses' testimony through cross-examination and impeachment through prior statements. Fed.R.Evid. 613.

The parties' pleadings cite a plethora of cases involving audio recordings and voice analysis implicating criminal defendants, and Arce–Lopez argues that excluding this expert testimony will violate his Sixth Amendment right to confrontation. This case, however, involves a voice recording of a witness, not a defendant. Because the audio recordings do not implicate the defendant's guilt, and because the Court is not preventing the defendant from cross-examining the government's witnesses, excluding expert testimony on this issue does not implicate his Sixth Amendment right to confront the witnesses against him. *See Crawford v. Washington,* 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (the Confrontation Clause commands "that reliability [of evidence] be assessed... by testing in the crucible of cross-examination").

Because the Court finds that this expert testimony will not "help the trier of fact to understand the evidence or to determine a fact in issue," Fed.R.Evid. 702(a), the Court need not decide whether the expert's analysis is scientifically valid and reliable in satisfaction of the remaining elements of Rule 702.

## III. Conclusion

For the reasons stated above, the government's motion to bar expert voice analysis testimony is **GRANTED.**

**IT IS SO ORDERED.**